UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMASA GRANINO,

Plaintiff,

vs.                                                    Case No.:

ARS NATIONAL SERVICE,
INC.,

Defendant.
_____/

## **COMPLAINT**

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA").

3. This action arises out of Defendant's violation of the FDCPA, and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.     Plaintiff, THOMAS GRANINO, is a natural person who resides in the City of Sunrise, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant ARS NATIONAL SERVICE, INC. (hereinafter "Defendant ARS") is a collection agency operating from an address of 201 West Grand Avenue, Escondido, CA 92025, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant ARS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.     Defendant ARS regularly collects or attempts to collect debts for other parties.

9.     Defendant ARS is a "debt collector" as defined in the FDCPA.

10.    Defendant ARS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11.    Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALL

14.     In or about July, 2010, Defendant ARS's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.     During this July, 2010 call, Defendant failed to identify himself as a debt collector.

## SUMMARY

16.     The above-described collection communication made to Plaintiff by Defendant ARS, and a collection employee employed by Defendant ARS, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

17.     During its collection communication, Defendant and this individual debt collector employed by Defendant ARS failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

18.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing act and omission of the Defendant and its agent constitutes multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

23.     Defendant failed to disclose in the telephone message that it is a debt collector in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)     Damages and

b)     Attorneys' fees and costs.

## COUNT 3

## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24. Defendant placed telephone call to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communication in the telephone message in violation of 15 U.S.C. 1692d(6).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  July 27, 2010                                  Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff